UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-22774-CIV-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MASSOOD N. JALLALI,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment [DE-71]. This matter arises from the United States' attempt to collect student loans guaranteed by the U.S. Department of Education, now totaling $514,964.20 in principal and interest. While in his Answer, Defendant raises the affirmative defenses of apportionment/offset, equitable estoppel, waiver, and mutual mistake, in his response to the Motion for Summary Judgment, Defendant argues that Plaintiff has failed to establish that it actually paid out any monies on Defendant's behalf. However, Defendant has failed to present any evidence to support his opposition to the Motion for Summary Judgment. Because no genuine issue of material fact exists, Plaintiff's Motion for Summary Judgment is granted.

### I. Undisputed Facts

On February 13, 1998, March 30, 1998, and June 15, 1998, Defendant executed promissory notes to secure three Direct Consolidation Loans from the U.S. Department of Education. (DE-71-1 at pp. 7-12; Jallali Depo.[1] 21:15-23; 23:23-24:5;10-17.) The notes enabled

---

[1] Jallali Depo. refers to the deposition of Defendant, filed at DE-71-2.

Defendant to consolidate some or all of his student loans into a single loan (the Consolidation Loan). (Francisco Aff.[2] ¶12.) Defendant admits that he consolidated his loans, that it is his signature on the promissory notes, and that it is his social security number on the promissory notes. (Jallali Depo. 31:16-19; 4:16-24; 21:9-23; 22:11-16; 24:1-5; 24:10-17; promissory notes at DE-71-1.) The Consolidation Loan consolidated loans Defendant had previously attained to attend Nova Southeastern University, Barry University, Texas Chiropractic College, Parker College of Chiropractic, University of Texas at Austin, and Austin Community College. (Francisco Aff. ¶13.) The Consolidation Loan, totaling $292,685.32 in principal, was disbursed in full between April 20, 1998 and July 14, 1998. (*Id.* at ¶14.)

The Consolidation Loan first became due on June 7, 1998. (*Id.* at ¶17.) However, because Defendant was granted a deferment and, later, forebearance, the first payment was not due until after the forebearance expired in October 2003. (*Id.*) When the forebearance expired, on October 12, 2003, a notice of payment due was sent to Defendant. (*Id.*) On November 14, 2003, a past due reminder was sent to Defendant. (*Id.*) No payment was ever received and on August 3, 2004 the loan was defaulted. (*Id.*)

After default, on November 9, 2004, the Consolidated Loan was transferred to the U.S. Department of Education's Borrower Services for possible collection enforcement. (*Id.* at ¶18.) On November 11, 2004, Borrower Services sent its initial demand letter to Defendant. (*Id.*) Thereafter, at least thirty-two letters were sent to Defendant in an attempt to collect the Consolidated Loan. (*Id.* at ¶19.) As of the filing of the Motion for Summary Judgment, Defendant had not made a single payment toward the Consolidated Loan. (*Id.* at ¶20; Jallali

---

[2]Francisco Aff. refers to the affidavit of Alberto Y. Francisco, a Loan Analyst with the Litigation Branch of the U.S. Department of Education, Borrower Services. The affidavit is filed at DE-71-1.

2

Depo. 26:5-29:4.) As of November 10, 2010, Defendant owed $379,884.86 in unpaid principal and $135,079.34 in simple interest, for a total of $514,964.20.

Defendant has not complied with the Local Rules regarding statements of material fact related to summary judgment motions. Local Rule 7.5(c) requires that a party opposing summary judgment submit a statement of material facts in opposition that corresponds with the order and the paragraph numbering scheme used by the movant. Defendant has not done this. Furthermore, Local Rule 7.5(d) states:

> All material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.

Defendant has failed to controvert any part of Plaintiff's statement of material facts with any statements or evidence. Moreover, the Court finds that movant's statement is supported by record evidence, in particular, Defendant's own deposition testimony, at DE-71-2, and documents of record. Accordingly, Plaintiff's statement of material facts is deemed admitted.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the

3

non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Analysis

Plaintiff moves for summary judgment arguing that there is no genuine issue of material fact because it is undisputed that Defendant executed the promissory notes, that, as a result of Defendant's execution of the promissory notes, funds were disbursed on his behalf, the notes have not been paid, and Defendant has not presented a valid defense. The evidence clearly establishes that Defendant signed the promissory notes, that funds were disbursed on Defendant's behalf, that payment on the notes is past due, that Defendant has not made a single payment on the notes, and that $514,964.20 is due and owing on the notes. Defendant has not presented a single piece of evidence to contradict any of these facts. While Defendant argues that Plaintiff has not sufficiently proven that it paid or transferred any money to fund any loan on Defendant's behalf, Plaintiff has submitted the Francisco Affidavit which states that $292,685.32 was disbursed in full on behalf of Defendant. As set out above, because Plaintiff has not

presented any facts that contradict this sworn statement, it is deemed admitted that Plaintiff paid out monies on Defendant's behalf. Accordingly, there is no issue of material fact and Defendant is liable to Plaintiff on the promissory notes.[3]

Once Plaintiff has established liability, the burden shifts to Defendant to establish a valid defense to his liability. *See United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975). In response to the Motion for Summary Judgment, Defendant has not offered a single defense. While Defendant's answer raised four affirmative defenses – apportionment/offset, equitable estoppel, waiver, and mutual mistake – Defendant has not presented a scintilla of evidence to support any of these defenses. Furthermore, all four of these defenses are based on the same facts Defendant alleged to support his counterclaim and his claims in a separate suit previously before this Court, *Jallali v. Duncan*, Case No. 10-60189. Both of these pleadings alleged that Defendant did not have to repay his loans because Nova Southeastern University acted arbitrarily and capriciously when it refused to grant Defendant his degree. This Court has already dismissed the counterclaim and the other suit based on issue preclusion. Thus, Defendant's affirmative defenses are not only unsupported by the evidence but may be barred by issue preclusion. Consequently, Defendant has failed to establish that a genuine issue of material fact exists. Therefore, summary judgment is appropriate.

---

[3]In his response to the motion, Defendant also argues that summary judgment is premature because he was denied the opportunity to depose Plaintiff's witness, Mr. Francisco. In support of this assertion, Defendant cites to *Carmical v. Bell Helicopter Textron, Inc.*, 117 F.3d 490, 493 (11th Cir. 1997). *Carmical* does not support Defendant's assertion. As in *Camical*, Defendant has failed to establish that he has suffered any harm because he did not depose Francisco. Furthermore, in this case, Defendant was not permitted to depose Francisco because Defendant did not seek to take Francisco's deposition until after the discovery deadline had passed. Additionally, as in *Carmical* it is highly likely that Francisco's deposition testimony would have "reemphasized" Plaintiff's claim. *See id.* at 494. Thus, Defendant's inability to depose Francisco does not make summary judgment premature.

Accordingly, it is hereby

ORDERED that:

1. Plaintiff's Motion for Summary Judgment [DE-71] is GRANTED.

2. The Court shall enter a separate judgment in favor of Plaintiff.

3. This case is CLOSED.

DONE AND ORDERED in Miami, Florida this 7th day of January, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record/Pro se parties